IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JERMAUD HUBBARD, #2167180 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv351 |
| T. BURSON | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jermaud Hubbard, a prisoner formerly confined at the Coffield Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 25, 2022, Judge Mitchell issued a Report, (Docket No. 18), recommending that Plaintiff's civil rights lawsuit be dismissed, without prejudice, for Plaintiff's failure to prosecute his own case. She further recommended that the statute of limitations be suspended for a total of sixty days from the date of final judgment. A copy of this Report was sent to Plaintiff at his last-known address, and the docket reflects that Plaintiff received a copy of the Report on February 2, 2022, (Docket No. 19). To date, however, no objections have been filed.

The Court notes that Plaintiff called the Court on February 18, 2022. He informed the Clerk's Office that he was released from imprisonment on February 15, 2022, and will be filing a notice of a change of address and a motion for an extension in which to respond to the Report. The Report, however, expressly explained that Plaintiff was required to object to the Report in writing within fourteen days, which Plaintiff knowingly failed to do—despite receiving the Report on

1

February 2, 2022. Moreover, during that time before his release, Plaintiff knowingly failed to file his motion for an extension of time.

As Judge Mitchell explained, the district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished). Here, the docket reflects that Plaintiff had not prosecuted his case since March 2021. He failed to respond to Defendant's motion to dismiss and failed to respond to Defendant's motion for summary judgment. This extraordinary lapse of time bespeaks a fundamental failure to prosecute the case.

The Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten days to fourteen days).

Here, Plaintiff has not filed objections. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews her legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court

hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 18) as the findings of this Court. Therefore, it is

**ORDERED** that the above-styled civil rights lawsuit is **DISMISSED**, without prejudice, for Plaintiff's failure to prosecute his own case. The statute of limitations in this case is hereby **SUSPENDED** for a period of sixty (60) days from the date of Final Judgment. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED** as moot.

So **ORDERED** and **SIGNED** this **24th** day of **February, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE